## Pottstown Veterans Association License

*Julian W. Barnard*, for appellant.

*Peter P. Jurchak*, for Liquor Control Board.

KNIGHT, P. J., October 27, 1939.—Appellants applied for a club liquor license, and the application was refused by the Pennsylvania Liquor Control Board. The sole reason pressed by the board for refusing the license is that "there are already in effect in Pottstown more licenses than are permitted by Act No. 358." (Act of June 24, 1939, P. L. 806.)

The only question before us is, whether or not the above act prevents the Liquor Control Board from issuing a license to appellant. The answer to this question depends upon the interpretation of section 2 of the act.

For the purposes of this case, it is stipulated that the population of Pottstown is 19,430, and there are in effect in the borough 21 restaurant liquor licenses and 16 club liquor licenses.

Section 2 of the act reads as follows:

"No licenses shall hereafter be granted by the Pennsylvania Liquor Control Board for the retail sale of malt or brewed beverages . . . in excess of one of such licenses, of any class, for each one thousand inhabitants or fraction thereof, in any municipality, exclusive of licenses granted to hotels, as defined in this act, and clubs; but at least one such license may be granted in each municipality, except in municipalities where the electors have voted against the granting of any retail licenses. Nothing contained in this section shall be construed as denying the right to the Pennsylvania Liquor Control Board to renew or to transfer existing retail licenses of any class, notwithstanding that the number of such licensed places in a municipality shall exceed the limitation hereinbefore prescribed; but where such number exceeds the limitation prescribed by this act, no new license, except for hotels as defined in this act, shall be granted so long as said limitation is exceeded."

It is contended by appellant, that the act puts no limitation on the number of club liquor licenses to be granted, or, if a limitation is imposed, it permits one club license to be granted for each 1,000 of the population or fraction thereof, irrespective of the number of restaurant and hotel licenses in effect.

"The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the Legislature. Every law shall be construed, if possible, to give effect to all its provisions": Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 51.

"In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions among others:

"(1) That the Legislature does not intend a result that is absurd, impossible of execution or unreasonable;

"(2) That the Legislature intends the entire statute to be effective and certain": Statutory Construction Act, supra, sec. 52.

Bearing these rules in mind, let us approach the interpretation of the Act of 1939, supra.

The 1939 act is entitled:

"An act limiting the number of licenses for the retail sale of liquor, malt or brewed beverages . . . to be issued by the Pennsylvania Liquor Control Board; defining hotels, and prescribing the accommodations required of hotels in certain municipalities."

One of the evident purposes of the act was to limit the number of licenses to be granted by the Pennsylvania Liquor Control Board for the retail sale of liquor and malt or brewed beverages. There are three classes of licenses for the retail sale of liquor and brewed beverages to be consumed on the premises; namely, hotel, restaurant, and club licenses. Obviously, the legislature, in fixing or limiting the number of licenses to be granted, had to adopt some formula or method of computation. This it did by providing in section 2 that "No licenses [for the retail sale of liquor] shall hereafter be granted . . . in excess of one of such licenses, of any class, for each one thousand inhabitants or fraction thereof, in any municipality, exclusive of licenses granted to hotels . . . and clubs".

In other words, for the purposes of the act, in computing the number of retail licenses in a given municipality, only the restaurant licenses are to be counted. Later, in section 2 it is enacted:

". . . but where such number exceeds the limitation prescribed by this act, no new license, except for hotels as defined in this act, shall be granted so long as said limitation is exceeded."

The words "such number" refer to the number of restaurant licenses existing in the municipality at the time of making the application.

As we view it, the legislature intended to limit the number of retail licenses to be granted in any municipality, to one for each 1,000 of the population or fraction thereof. It recognized that the number of then existing licenses, in many municipalities, exceeded the limitation fixed by the act, and as to these existing licenses it gave the board power to renew without regard to the limitation, but provided that no new licenses should be granted except to hotels, so long as the limitation was exceeded. The method of fixing the limitation is to count the number of retail licenses, excluding those granted to hotels and clubs.

This interpretation makes the act workable, and the entire section consistent and effective, so far as club licenses are concerned.

It is conceded that the number of restaurant licenses in the Borough of Pottstown exceeds one to each 1,000 of the population or fraction thereof, and it follows that no new club or restaurant license may be granted so long as this limitation is exceeded. To hold, as appellant contends, that the words "of any class" mean "of each class", would, in our opinion, violate the intent of the legislature and the plain meaning of the words used. Likewise, to hold that the words "exclusive of licenses granted to hotels . . . and clubs", exempts clubs from any limitation, would, in our opinion, be contrary to the purpose and spirit of the act, and would be inconsistent with that portion of the section which provides that "no new license, except for hotels as defined in this act, shall be granted so long as said limitation is exceeded."

And now, October 27, 1939, the action of the Liquor Control Board of the Commonwealth of Pennsylvania in refusing the application of appellant for a club license is sustained, and the appeal dismissed, at the costs of appellant.